Filed 11/19/15  P. v. Garcia CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F069203 |
| Plaintiff and Respondent, | (Super. Ct. No. VCF265323) |
| v. | |
| OMAR VALENCIA GARCIA, JR., | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Gideon Margolis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Gomes, Acting P.J., Kane, J. and Detjen, J.

## INTRODUCTION

On February 24, 2014, a jury convicted defendant of unlawful possession of a firearm by a felon, unlawful possession of ammunition by a felon, and attempting to dissuade a witness from testifying. In a separate proceeding, the trial court found allegations that defendant had two prior strikes, a prior serious felony, and two prior prison terms to be true. The trial court sentenced defendant to a doubled upper-term sentence of six years for the unlawful possession of a firearm conviction, a concurrent doubled middle-term sentence of four years for the unlawful possession of ammunition conviction, and a consecutive indeterminate term of 30 years to life in prison for the conviction for attempting to dissuade a witness from testifying.

On appeal, defendant argues (1) the trial court abused its discretion by sentencing him to the upper term for his unlawful possession of a firearm conviction, and (2) his trial counsel was ineffective for failing to object to the imposition of the upper term sentence.[1] We affirm.

## FACTS

On March 9, 2012, defendant shot Lawrence Bierman in the arm and upper chest with a shotgun. Following defendant's apprehension, an information was filed charging defendant with attempted murder, unlawful possession of a firearm by a felon, and unlawful possession of ammunition by a felon.[2] The information was later amended to include a charge of attempting to dissuade a witness from testifying after the discovery of a recorded jailhouse phone call in which defendant told Bierman not to appear at defendant's preliminary examination.

---

[1] Defendant's brief on appeal also asserted that his presentence custody credits had been miscalculated. Defendant has since withdrawn that argument.

[2] The information also charged defendant with one count of false imprisonment by violence, which was later dismissed by the trial court.

At trial, Bierman's cousin, who witnessed the shooting, testified that defendant and Bierman had argued over marijuana, and that defendant had retrieved a shotgun and shot Bierman with it.[3] Defendant took the stand in his own defense and testified that Bierman attempted to steal some of the 40 to 45 pounds of marijuana defendant was in possession of, and that defendant shot Bierman in self-defense after Bierman attacked him with a knife and screwdriver. Defendant also testified that he told Bierman not to appear at the preliminary examination for "totally altruistic" reasons.

At the conclusion of trial, the jury found defendant guilty of the unlawful possession of a firearm and ammunition charges, as well as the charge of attempting to dissuade a witness from testifying, but acquitted defendant on the charge of attempted murder. At sentencing, defendant filed a *Romero*[4] motion to dismiss his prior strikes, which the court denied with the following statement:

> "… As to the Romero motion, that is denied. The defendant in my mind is certainly a career criminal. He had a shotgun. By his own admission, he was possessing 40 pounds of marijuana which he was going to sell, so you talk about him [being] gainfully employed, [but] his only employment I see here is continued criminal activity.

> "He served two prior prison terms. The strikes are crimes of violence and/or gun charges which is exactly what we have here, four felony convictions, [and he] violated his parole twice. I don't see where there's – the court has much discretion here, other than to send him to prison for the Three Strikes Law given what I've seen."

Following this denial, the court went on to sentence defendant to a doubled upper-term sentence of six years for the unlawful possession of a firearm conviction, a doubled middle-term sentence of four years for the unlawful possession of ammunition

---

**3** Bierman was called as a witness, but testified that he did not remember where he lived in 2012, did not remember being shot, and did not remember giving a statement to the police. The trial court subsequently found Bierman unavailable as a witness due to his "obvious" evasion of questions and refusal to testify.

**4** *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

conviction, and an indeterminate term of 30 years to life in prison for the conviction for attempting to dissuade a witness from testifying. This appeal followed.

## DISCUSSION

### I. *The trial court did not abuse its discretion by imposing the upper term for defendant's unlawful possession of a firearm conviction.*

Defendant argues the trial court abused its discretion by sentencing him to the upper term for his unlawful possession of a firearm conviction. We disagree.[5]

Under the California Rules of Court, when a prison sentence is imposed, "the sentencing judge must select the upper, middle, or lower term on each count for which the defendant has been convicted[.]" (Cal. Rules of Court, rule 4.420(a).) In exercising its discretion in selecting one of these terms, "the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision." (Cal. Rules of Court, rule 4.420(b).) When challenging such a discretionary sentencing choice, the burden is on the defendant to show that the sentencing decision was irrational or arbitrary. (*People v. Carmony* (2004) 33 Cal.4th 367, 376.)

Here, the trial court imposed the upper term after citing defendant's history of violent crime, previous parole violations, prior prison terms, and defendant's admission that he was in possession of over 40 pounds of marijuana at the time the shooting in this case took place. Prior violent crimes, prior poor performance on parole, prior prison terms, and offenses involving large amounts of contraband are all enumerated aggravating factors justifying an upper term sentence under the California Rules of Court.

---

[5] Defendant did not object to the imposition of the upper term at sentencing. However, as we must consider the merits of this argument for the purposes of evaluating defendant's ineffective assistance of counsel claim, we decline to consider whether or not this argument is properly before this court.

4.

(Cal. Rules of Court, rule 4.421(a)(10), (b)(1)-(3), and (b)(5).)[6] Given this extensive list of aggravating factors, we cannot conclude the trial court's decision to impose the upper term was irrational or arbitrary.

Defendant also challenges the imposition of the upper term on the grounds the trial court did not orally state its reasons for imposing that term on the record. When imposing an upper or lower term, the trial court must state the reasons for doing so on the record. (Cal. Rules of Court, rule 4.420(e).) Here, however, the trial court orally weighed the factors in aggravation and mitigation before denying defendant's *Romero* motion and just moments before imposing the upper term for defendant's firearm conviction. Taken in context, the trial court's oral statements regarding the *Romero* motion clearly applied to the trial court's sentencing decision, and any reiteration of the aggravating factors would have been redundant.

Nevertheless, even if the trial court erred by failing to engage in such redundancy, any error was harmless. When a court fails to state its reasons for imposing a sentencing choice, reversal is only required if there is a reasonable probability that the defendant would have received a more favorable sentence in the absence of the court's error. (*People v. Sandoval* (1994) 30 Cal.App.4th 1288, 1300-1301.) Given the nature of the trial court's statements regarding defendant's *Romero* motion, we find no such probability in this case.

## II.    *Defendant was not denied the effective assistance of counsel.*

Defendant also contends his trial counsel was ineffective for failing to object to the imposition of the upper term for his firearm conviction. Again, we disagree.

---

[6]    Defendant devotes much of his brief on appeal to the argument that his crime was not more "violent" or "aggressive" than other cases involving unlawful possession of a firearm. Setting aside the fact defendant shot Bierman in the arm and chest while unlawfully possessing a firearm in this case, there is no statutory or case law supporting the proposition that upper terms are reserved only for cases which are particularly violent or aggressive.

5.

In order to prevail on a claim of ineffective assistance of counsel a defendant must establish (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that a determination more favorable to defendant would have resulted in the absence of counsel's unprofessional errors.  (*People v. Kipp* (1998) 18 Cal.4th 349, 366.)

Here, as noted above, the imposition of the upper term was amply supported by the aggravating factors cited by the trial court at sentencing.  Accordingly, we cannot conclude that there is a reasonable probability that a more favorable sentence would have been imposed had defense counsel lodged an objection to the imposition of the upper term.  With no evidence of prejudice, we must reject defendant's argument.

## DISPOSITION

The judgment is affirmed.